**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| THE RIDGE WALLET LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:23-cv-392 |
| | ) | |
| v. | ) | **COMPLAINT FOR PATENT** |
| | ) | **INFRINGEMENT AND TRADE** |
| SHENZHEN PINCAN TECHNOLOGY CO., | ) | **DRESS INFRINGEMENT** |
| LTD. D/B/A ARW-WALLET, | ) | |
| | ) | **DEMAND FOR JURY TRIAL** |
| Defendant. | ) | |
| | ) | |
| | ) | |

1

## ORIGINAL COMPLAINT FOR PATENT AND TRADE DRESS INFRINGEMENT

Plaintiff The Ridge Wallet, LLC ("Ridge" or "Plaintiff") files this Complaint for patent

and trade dress infringement against Shenzhen Pincan Technology Co., Ltd. d/b/a ARW-Wallet

("ARW" or "Defendant") alleging, based on its own knowledge as to itself and its own actions,

and based on information and belief as to all other matters, as follows:

## NATURE OF THE ACTION

1.      This is a civil action arising under the patent laws of the United States, 35 U.S.C. §

1 *et seq*., including specifically 35 U.S.C. § 271, based on Defendant's willful infringement of at

least Claims 1, 2, 3, 4, 9, 12, 13, 14, 15, 16 and 17 of U.S. Patent No. 10,791,808 (the "'808

Patent").

2.      This civil action also arises under the United States Lanham Act, 15 U.S.C. § 1051

*et seq.*, based on Defendant's willful infringement of Ridge's "*Forged Ember*" trade dress, pending

Application Serial No. 98/044,380.

## THE PARTIES

3.      Ridge is a corporation existing under the laws of the State of Delaware having its

principal place of business located at 2448 Main Street, Santa Monica, California, 90405, United

States.

4.      Upon information and belief, ARW is a company of China with its principal place

of business at Room 312-320, 3rd Building, XingHui Technology Park HuaLing West Road,

DaLang, LongHua, Shenzhen, Guangdong, 518109.

5.      Upon information and belief, within the last six years ARW has produced abroad,

sold for importation, imported, and/or sold in the United States after importation its infringing

compact wallets (the "Accused Products").  For example, the Carbon Fiber Wallet, ARW Metal

Money Clip Wallet, RFID Blocking Minimalist Wallet for Men was sold in the U.S. after importation.

6.    Upon information and belief, ARW maintains title to, and stores substantial inventory of, the Accused Products in this district, at a warehouse located at 600 N. Loop 288, Suite 510, Denton, TX 76209.

## JURISDICTION AND VENUE

7.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because the claims herein arise under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. § 271, and the United States Lanham Act, 15 U.S.C. § 1051 *et seq.*

8.    This Court has personal jurisdiction over Defendant in this action because Defendant has committed acts of infringement within the State of Texas and within this District through, for example, the sale of the Accused Products online in this District, as well as the substantial inventory of the Accused Products maintained and stored in this District, by Defendant, at a warehouse located at 600 N. Loop 288, Suite 510, Denton, TX 76209.

9.    Defendant regularly transacts business in the State of Texas and within this District.

10.    Defendant has engaged in other persistent courses of conduct and derives substantial revenue from products and/or services provided in the Eastern District of Texas, and has purposefully established substantial, systematic, and continuous contacts within this District. Defendant should, thus, reasonably expect to be sued in a court in this District.

11.    The Court's exercise of jurisdiction over Defendant will not offend traditional notions of fair play and substantial justice.

12.    Venue in the Eastern District of Texas is proper pursuant to 28 U.S.C. §§ 1391(b), (c) and 1400(b).

13.    Defendant has committed acts of infringement within this judicial district, giving rise to this action.

14.    Defendant has conducted business in this judicial district within the last six years, including one or more acts of making, selling, using, importing, and/or offering for sale infringing products or providing support services to Defendant's customers in this District.

**RIDGE'S LEGACY OF INNOVATION**

15.    Ridge is the owner of U.S. Patent No. 10,791,808 (the "'808 Patent") and the owner of common law trade dress styled as a forged carbon surface speckled with the color red and characterized by the term "*Forged Ember*" (the "Forged Ember Trade Dress").

16.    Ridge is an innovative and revolutionary consumer goods company that has changed the industry with regard to several categories of products.  One such category that Ridge has revolutionized is the category of compact wallets.

17.    Ridge was formed with the simple belief that the company could make wallets better.  Prior to Ridge revolutionizing the industry, wallets were designed to hold everything from gift cards and credit cards to receipts and coins.

18.    Ridge turned that approach on its head with its minimalist-first design approach.

19.    After two Kickstarter campaigns, nine years of research and development in the United States, and over two million wallets sold, Ridge continues to start every day with that same mentality: to improve the items customers carry every day.  Ridge's continued success in introducing successful, carryable products is evidence of its innovative approach and business acumen.

20.    Today, the Ridge Wallet is one of the most distinct and recognizable wallets on the market.



21.    It all started when inventor Daniel Kane had an idea for a wallet that is sleeker and smaller than a traditional tri-fold or bi-fold wallet.



22.    Sitting at his home in California, Mr. Kane came up with a design for a card-shaped wallet to hold not only cards (credit cards, identification cards, and the like) but also to hold cash. Its exterior was metal and included a money clip.  It included two multi-piece metal panels that were initially held together with rivets.  The two panels were urged toward one another with an elastic band.  In fact, Mr. Kane's mother sewed the very first set of elastic bands, and a Simi Valley, California metalworker crafted the metal components that were used in those first wallets, including the rivets used to fix the plates together.  Mr. Kane made the interior plates of the original prototypes by modifying plastic gift cards glued together and removing excess plastic to make the inner track for the elastic bands.  The metalworker then re-created those plastic interior plates in metal to create the first metal prototypes.

23.    As interest in Ridge's innovative product grew, and sales and revenue reflected this growth, Ridge began offering different iterations of the same wallet to address differences in consumers' style preferences.

24.    Ridge's innovative, dual track, metal design has become synonymous with the brand itself, leading consumers to refer to knockoffs as "generic ridge wallets."  See, for example:



25.    In fact, Walletopia put together an article evaluating "the top 6 Ridge knock off wallets from Amazon and compar[ing] them to the original ridge Carbon Fiber and Ridge Aluminum.  It's the Ridge vs knockoff to see if it makes sense to try before you buy a Ridge Wallet."  In the article, Walletopia acknowledges that other sellers are clearly "Ridge knockoffs." See, for example:

> We have all seen the advertising for Ridge Wallets and all that they have done. They are everywhere and their design set the pace for a wallet that works well for a sandwich-type design. That said, we know every wallet has knockoffs.

26.    Ridge has continuously used its Forged Ember Trade Dress in commerce throughout the United States and the world since February of 2021, in connection with the manufacture, distribution, provision, offering for sale, sale, marketing, advertising, and promotion of Ridge's compact wallets.



27.    Through nearly two years of sales, together with extensive marketing, advertising and promotion (and accordingly significant investment in both), Ridge successfully developed strong consumer recognition for the iconic Forged Ember Trade Dress.

28.    Ridge has invested substantial time, money, and resources in the Forged Ember Trade Dress.  Since 2021, Ridge has spent millions of dollars on marketing, advertising, and promoting its Forged Ember compact wallets, alone, through platforms such as Facebook, Google, TikTok, Snapchat, Live Intent, Finimize, and more, as well as numerous partnerships in the United States.

29.     Ridge (along with its licensees and authorized distributors) provides and sells its compact wallets, including the Forged Ember compact wallets, across numerous web platforms, such as Ridge's own domain and Amazon.com (as well as many others), and in over 1,000 stores throughout the continental United States, including both major retailers, such as Nordstrom and Scheels, and many other smaller retailers.

30.     Due to its fame, continued use, and ongoing sales, marketing, and promotion, Ridge's Forged Ember Trade Dress has developed strong consumer recognition and resonates in the minds of consumers on an ongoing basis.

31.     In fact, many reviewers of The Ridge Wallet simply refer to the wallet as "The Ridge Forged Ember Wallet."  In one instance, the Ridge Wallet Forged Ember Trade Dress was described as "unforgettable."

> ### Ridge Forged Ember Wallet Review
>
> The Ridge Forged Ember is a minimalist, RFID-blocking wallet. This wallet has an unforgettable look and a practical, compact design. Also, it has an expandable elastic that will allow you to carry up to 12 cards inside the cardholder. The Ridge Forged Ember wallet will maintain its slim profile, even if you fill it with cash and cards. This minimalist wallet is modern, functional, and will hold all of your essentials.

32.     Building on its success, Ridge continues to use and promote the Forged Ember Trade Dress on a variety of merchandise and products available through its own website and through third-party retailers through its wholesale program.  For more than two years, Ridge has sold millions of dollars' worth of products that display the Forged Ember Trade Dress, including products embodying the '808 Patent.

33.     Ridge's compact wallets, including those bearing the Forged Ember Trade Dress, are of the highest quality.  For example, Ridge's compact wallets bearing the Forged Ember Trade

Dress are scratch resistant, offered with a life-time warranty, and even include a 99-day risk free trial due to Ridge's confidence (based, in part, on consumer affirmation) in the quality of its products.

34.     As a result of Ridge's expenditures and efforts, the Forged Ember Trade Dress has come to signify the high quality of the compact wallets designated by the Forged Ember Trade Dress, and has acquired incalculable distinction, reputation, and goodwill belonging exclusively to Ridge.

35.     In fact, Ridge's compact wallets bearing the Forged Ember Trade Dress have received significant unsolicited coverage in various media, including FutureHowTo, Spy Editor's Pick, and GearMoose, among many others.

36.     As a result of Ridge's widespread, exclusive, and continuous use of the Forged Ember Trade Dress to identify its compact wallets and Ridge as their source, Ridge owns valid subsisting common law rights to the Forged Ember Trade Dress.  The Forged Ember Trade Dress functions as a direct link to the history of the Ridge Wallet, conveying to the public that a compact wallet bearing the Forged Ember Trade Dress is the reliable "original." Further, because of the exclusive and continuous use, extensive sales, and marketing of the Forged Ember Trade Dress in connection with Ridge's wallets, the Forged Ember Trade Dress has become distinctive, associated exclusively with Ridge, and indeed famous among the general consuming public and among Ridge's trade within the United States.  The Forged Ember Trade Dress is thus of tremendous value to Ridge, immediately communicating a host of positive attributes associated with Ridge's wallets.

37.     Ridge has scrupulously enforced and protected its Forged Ember Trade Dress and the '808 Patent against past infringers, including through Amazon takedown requests, countless cease and desist letters, numerous federal litigations, and even an ongoing International Trade Commission investigation (ITC Inv. No. 337-TA-1355).

38.     Ridge brings the instant lawsuit because Defendant has unlawfully infringed Ridge's intellectual property—intellectual property that is a direct result of Ridge's innovation and ingenuity.

39.     Without Ridge's intellectual property and embodying products, Defendant would not exist.  Defendant and others are reaping enormous benefits from Ridge's vision and its decade-long commitment thereto.

## THE ASSERTED INTELLECTUAL PROPERTY

### A. The '808 Patent

40.     Ridge's commitment to innovation includes prosecuting and filing patent applications, including, but not limited to, the '808 Patent.

41.     Ridge owns, by assignment, all right, title, and interest in the '808 Patent.

42.     The '808 Patent, titled "Compact Wallet," was issued on October 6, 2020 and names Daniel Kane as the single inventor.  The '808 Patent was issued from U.S. Patent Application No. 15/421,596, filed on February 1, 2017.

43.     A true and accurate copy of the '808 Patent is attached hereto as Exhibit 1.  A true and accurate copy of the assignment from the named inventor to Ridge is attached hereto as Exhibit 2.

### B. **The Ridge Forged Ember Trade Dress**

44.    Ridge owns rights and protectable interests in the Ridge Forged Ember Trade Dress. Ridge Wallets have certain key design features that constitute the Ridge Forged Ember Trade Dress and that distinguish them from other commercially available wallets.  The Ridge Forged Ember Trade Dress consists of the overall exterior appearance and styling of a compact wallet, which includes an irregularly-shaped geometric red speckling pattern on a carbon fiber surface, consisting of various shades of gray and black, positioned to cover one or more of the wallet's exterior plates.

45.    The Ridge Forged Ember Trade Dress is distinctive and has acquired secondary meaning through, *inter alia*, years of use, extensive sales, advertising and promotion, awards, and unsolicited media attention, as described above.  Based on exclusivity after first launch of The Ridge Wallet in the United States, the extensive marketing, and the resultant voluminous sales and industry recognition of The Ridge Wallet, the Ridge Forged Ember Trade Dress has acquired secondary meaning and distinctiveness, and has become famous among consumers.  Consumers have come to rely upon the appearance of the Ridge Forged Ember Trade Dress as an indicator of the source and quality of the product.

46.    By way of example, "Forged Ember" queries simply did not exist before the launch of the Ridge Forged Ember Wallet in 2021, and now result in tens of thousands of queries a year. Not to mention, many reviewers of the Ridge Wallet simply refer to the wallet as "The Ridge Forged Ember Wallet."  In one instance, the Ridge Wallet Forged Ember Trade Dress was described as "truly unique" and "memorable."

47.    The increasing sales of the Forged Ember Ridge Wallets evidence the goodwill built into this trade dress that continue to carry Ridge to greater heights.

48.    The Ridge Forged Ember Trade Dress is non-functional in its entirety, as it is not "the reason the device works" or a feature that "is essential to the use or purpose" of the compact wallets, nor is it a feature that's exclusive use "would put competitors at a significant non-reputation-related disadvantage." *Qualitex Co. v. Jacobson Prods., Co.*, 514 U.S. 159, 165 (1995); *TrafFix Devices, Inc. v. Mktg. Displays, Inc.*, 532 U.S. 23, 34 (2001).  This is clearly demonstrated by the host of other compact wallets sold by Ridge that do not use the Forged Ember Trade Dress, but nonetheless function as intended.

49.    The Ridge Forged Ember Trade Dress is also visually distinctive and unique in the wallet industry.  Numerous other non-infringing, non-dilutive designs are available that are equally feasible and efficient, none of which necessitate copying the Ridge Forged Ember Trade Dress. Indeed, multiple other wallet manufacturers compete successfully without copying the unique Ridge Forged Ember Trade Dress.

## DEFENDANT'S RECENT FORAY INTO THE "COMPACT WALLET" SPACE WITH THE ACCUSED PRODUCTS

50.    Upon information and belief, Defendant has offered for sale compact wallets that infringe upon Plaintiff's intellectual property since July of 2021.

51.    ARW's online marketing literature regarding its compact wallets even features the same benefits as those intended by the invention of the '808 Patent:

**About this Item**

- 【Excellent Value】: You will get a minimalist carbon fiber wallet + an extra mini money clip + a DIY screwdriver maintenance kit + a wonderful gift box, The Men's wallet is made of carbon fiber material, Light weight ,durable,Good toughness,scratch proof, it combines multiple advantages in one,The value is far more than the money you paid.

- 【RFID Blocking】: This front pocket wallets blocks RFID-Skimming, it keeps your private and credit card away from thieves' scanning devices, insure your private property safety, the metal plate and elastic band hold the credit card well, It is definitely a secure wallet.

- 【Slim Body & Large Capacity】: The slim wallet comes with mini size and large capacity, you could put a various number of cards ( up to 12pcs ) into the card purse, both the metal clip on the wallet and the extra mini carbon fiber money clip could carry daily cash very well. Let us say goodbye to the bulky wallet, for now, you could own a slim edc wallet.

- 【DIY Life Fun】: The screwdriver maintenance kit is special for you to assemble and install your personal perfect wallet, it is easy to operate, do what you want ,get a DIY wallet, enjoy the DIY Life Fun.

- 【Perfect Gift Idea】: The Package box is so premium,It is a good gift to your grandpa,dad, husband,son,brothers,boyfriend,classmates. By the way, do not throw the box away ,the practical box could help you to store some small items, such as earrings,necklace,hair clips, buttons,brooches and so on.

∧ See less

52.    In addition to its infringement of the '808 Patent, ARW has offered for sale a wallet that infringes the Ridge Forged Ember Trade Dress within the past six years.

53.    ARW's infringement is illustrated in the representative example below:



54.     Defendant has made, used, offered for sale, and sold its infringing compact wallets in the last six years, including but not limited to the compact wallets identified above.

55.     Upon information and belief, Defendant has imported its compact wallets into the United States in the last six years, including but not limited to the compact wallets identified above.

## DEFENDANT'S KNOWLEDGE OF RIDGE'S INFRINGEMENT ALLEGATIONS OF THE '808 PATENT

56.     Ridge put ARW on notice of its infringement of at least Claim 1 of the '808 Patent by way of a takedown letter on December 21, 2022.

57.     In addition, ARW was again made aware of its infringement when Ridge filed its Complaint before the International Trade Commission on February 6, 2023 (*see* Exhibit 3), attaching detailed infringement charts attached thereto.

58.     The Investigation Ridge filed at the International Trade Commission was instituted and is pending as Investigation No. 337-TA-1355, *In the Matter of Certain Compact Wallets and Components Thereof.*  The Hearing in the Investigation is presently scheduled for the second week of November 2023.

59.     Despite specifically charging ARW of patent infringement and trade dress infringement through discovery and expert reports at the International Trade Commission, ARW has not taken a license to the '808 Patent.

60.     On information and belief, ARW has not altered the functionality of any of its products to avoid infringement of the '808 Patent.

## COUNT I

### (Infringement of the '808 Patent)

61.     Ridge incorporates by reference and re-alleges each and every allegation of Paragraphs 1 through 60 as set forth herein.

62.    Ridge owns all substantial rights, interest, and title in and to the '808 Patent, including the sole and exclusive right to prosecute this action and enforce the '808 Patent against infringers, and to collect damages and secure and enforce injunctive relief, for all relevant times.

63.    The '808 Patent generally describes a sleek card and money-carrying device, such as a compact wallet, that is capable of blocking radio frequency identification ("RFID").  In particular, the claimed invention "is a compact wallet designed to present a minimal silhouette in a shirt, pants, or purse pocket.  Novel features hold the silhouette to the minimal dimensions of a credit card while affording maximal expandability for content storage and accessibility."  Exhibit 1 at Abstract.  The Ridge Wallet comprises two multi-piece panels held together with rivets where the two panels are connected and urged toward one another with an elastic band.  The compact wallet can be assembled with a money clip or an elastic and plastic cash strap.

64.    The written description of the '808 Patent describes in technical detail each of the claims limitations, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations are patentably distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

65.    The '808 Patent claims are directed to patent eligible subject matter in the form of "machines" – "compact wallet[s]" – and thus satisfy 35 U.S.C. § 101.

66.    Defendant has made, had made, used, imported, supplied, distributed, sold, and/or offered for sale the Accused Products, including its compact wallets.

67.    As set forth in the attached non-limiting Claim chart (Exhibit 4), Defendant has infringed at least Claims 1, 2, 3, 4, 9, 12, 13, 14, 15, 16 and 17 of the '808 Patent (the "Asserted

Claims") by making, having made, using, importing, supplying, distributing, selling, and/or offering for sale the Accused Products.

68.     Defendant has actively induced infringement of the Asserted Claims of the '808 Patent by selling the Accused Products in such a way that users are instructed to make and/or use a wallet that infringes the '808 Patent.  Defendant has further aided, instructed, or otherwise acted with the intent to cause an end user to use the Accused Products.  Defendant knew of the '808 Patent at least as early as December 21, 2022, and knew that its subsequent making, using, selling, offering for sale, and/or importation would cause purchasers to directly infringe at least Claim 1 of the '808 Patent.

69.     Defendant is also liable for contributory infringement of the Asserted Claims of the '808 Patent by providing, and by having knowingly provided, a material part of the instrumentalities, namely the Accused Products, used to infringe the Asserted Claims of the '808 Patent.  The Accused Products have no substantial non-infringing uses.  When an end user uses the Accused Products, for example, an ARW compact wallet, the end user directly infringes the Asserted Claims of the '808 Patent.  ARW knew of the '808 Patent at least as early as December 21, 2022, and knew that its subsequent making, using, selling, offering for sale, and/or importation would cause purchasers to directly infringe at least at least Claim 1 of the '808 Patent.  For at least the reasons set forth above, Defendant has contributed to the infringement of the '808 Patent by others.

70.     Ridge has been damaged as a result of Defendant's infringing conduct alleged above.  Thus, Defendant is liable to Ridge in an amount that compensates it for such infringement, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

71.     Defendant's infringement of the '808 Patent has caused Ridge to suffer substantial and irreparable harm.

72.     Defendant has been aware of Ridge's belief that Defendant infringes the '808 Patent since at least December 21, 2022.

73.     Defendant's infringement of the '808 Patent has been willful, intentional, deliberate, and/or in conscious disregard of Ridge's rights under the '808 Patent.

74.     Ridge has complied with 35 U.S.C. § 287 with respect to the '808 Patent at least by virtually marking its patented products on its website.

## COUNT II

### (Trade Dress Infringement)

75.     Ridge incorporates by reference and re-alleges each and every allegation of Paragraphs 1 through 74 as set forth herein

76.     Ridge owns all right, title, and interest in the Ridge Forged Ember Trade Dress and has standing to bring an action for trade dress infringement under the United States Lanham Act, 15 U.S.C. § 1051 *et seq.* and common law.

77.     The Ridge Forged EmberTrade Dress is non-functional, visually distinctive, and unique in the wallet industry, as described above.

78.     For over two years, the Ridge Forged Ember Trade Dress has been (and continues to be) recognized by consumers as a source identifier for The Ridge Wallet.



79.    Defendant has offered for sale and, upon information and belief, has sold a wallet that infringes Ridge's Trade Dress.

80.    Like Ridge's Forged Ember Trade Dress, at least one of Defendant's wallets consists of the overall exterior appearance and styling of a compact wallet, including an irregularly-shaped geometric red specking pattern on a carbon fiber surface, consisting of various shades of gray and black, and positioned to cover the wallet's exterior plates.  Defendant's infringement is illustrated in the representative example below:



81.     Defendant's unauthorized use of the Ridge Forged Ember Trade Dress and confusingly similar imitations thereof in connection with the Accused Products has likely caused confusion and mistake, and has deceived potential consumers and the public as to the source, origin, sponsorship, or approval of Defendant's non-Ridge brand wallet, or as to affiliation, connection, or association between Defendant or their wallets and Ridge or its wallets.

82.     On information and belief, Defendant likely intended to create associations with Ridge and free ride on Ridge's goodwill, given that Ridge is the leader in the compact wallet market and is seeking success with respect to its Forged Ember Wallets.  Given that Ridge was first to sell an '808 Patent-practicing compact wallet, and subsequently a Forged Ember Wallet, the overwhelming similarities are due to Defendant's intentional copying.

83.     Further, on information and belief, consumers of wallets like those at issue here are unlikely to exercise great care in resolving any confusion in their initial product interest, at the point of purchase, or in post-sale exposure.  Even more sophisticated customers are likely to experience cognitive dissonance regarding the source, affiliation, sponsorship, or association of the Accused Products when confronted with promotions and sales of the Accused Products.

84.     In the post-sale context, where actual or potential consumers of compact wallets may only see the Accused Products in someone's pocket or hand in passing, consumers are also likely to mistake the source, affiliation, or sponsorship of Defendant with Ridge and/or the asserted Forged Ember Trade Dress.

85.     Due to the overwhelming similarities of Defendant's wallet, there is an undeniable likelihood of confusion between Ridge Wallets bearing the Forged Ember Trade Dress and Defendant's Accused Products bearing the same.  These similarities will continue to cause deterioration of Ridge's goodwill, which is paramount to Ridge's success, especially in view of

the increasing number of knockoff Ridge wallets (and in particular those bearing the Ridge Forged Ember Trade Dress) in the market.

86.    Upon information and belief, Defendant's infringement is willful in that Defendant knows that it does not have the right to use the Ridge Forged Ember Trade Dress in the United States.  Defendant is further capitalizing on the goodwill and reputation associated with the Ridge Forged Ember Trade Dress.

87.    Defendant's actions constitute trade dress infringement in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a) *et seq.*

88.    Defendant's unauthorized use of the Ridge Forged Ember Trade Dress has caused great and irreparable substantial injury to Ridge, Ridge's brand, the Ridge Forged Ember Trade Dress, and to the business and goodwill represented and protected by them.

**JURY DEMAND**

Ridge hereby requests a trial by jury on all issues so triable by right.

**PRAYER FOR RELIEF**

WHEREFORE, Ridge requests that:

A.    The Court find that Defendant has directly infringed the '808 Patent and hold Defendant liable for such infringement;

B.    The Court find that Defendant has indirectly infringed the '808 Patent by inducing its customers to directly infringe the '808 Patent and hold Defendant liable for such infringement;

C.    The Court find that Defendant has indirectly infringed the '808 Patent by contributing to Defendant's customers' direct infringement of the '808 Patent and hold Defendant liable for such infringement;

D.      The Court preliminarily and permanently enjoin Defendant from further infringement of the '808 Patent;

E.      The Court award damages pursuant to 35 U.S.C. § 284 adequate to compensate Ridge for Defendant's past infringement of the '808 Patent (and to the extent not otherwise awarded an injunction, present and ongoing damages, either in the amount of a reasonable royalty or lost profits), including both pre- and post-judgment interest and costs as fixed by the Court;

F.      The Court increase the damages to be awarded to Ridge for patent infringement by three times the amount found by the jury or assessed by the Court;

G.      The Court declare that this is an exceptional case entitling Ridge to its reasonable attorneys' fees under 35 U.S.C. § 285;

H.      The Court find that Defendant has infringed Ridge's trade dress in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a) *et seq*. and hold Defendant liable for such infringement;

I.      The Court permanently enjoin Defendant from further infringement of Ridge's "Forged Ember" trade dress;

J.      The Court award damages adequate to compensate Ridge for Defendant's past infringement of the "Forged Ember" trade dress (and to the extent not otherwise awarded an injunction, present and ongoing damages), including both pre- and post-judgment interest and costs as fixed by the Court;

K.      The Court increase the damages to be awarded to Ridge for trade dress infringement by three times the amount found by the jury or assessed by the Court;

L.      The Court award such other relief as the Court may deem just and proper.

Dated:  August 29, 2023

Respectfully submitted,

/s/ Melissa R. Smith

Melissa R. Smith
(Texas Bar No. 24001351)
**GILLAM & SMITH LLP**
303 South Washington Avenue
Marshall, TX 75670
Telephone:  +1 903 934 8450
Facsimile:  +1 903 934 9257
Melissa@gillamsmithlaw.com

*Attorney for Plaintiff The Ridge Wallet LLC*